IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW DWAYNE SANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-391-M |
| | ) | |
| H. A. LEDEZMA, Warden FCI El Reno, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Mr. Andrew Sanders is a federal prisoner who seeks an evidentiary hearing, summary judgment, and issuance of a writ of habeas corpus. The Court should deny all of the requests.

Background

Mr. Sanders is incarcerated in a federal prison for conviction of a federal crime.[1] Pursuant to the "Second Chance Act of 2007," the Bureau of Prisons determined that the Petitioner should be eligible for placement in a Residential Reentry Center ("RCC") within 90 to 120 days of release.[2] Mr. Sanders believes he is entitled to spend the "maximum of 12 months" in a RCC, arguing that the Bureau:

- failed to make an individualized assessment under the Second Chance Act of 2007,

---

[1] Form to Be Used by Federal Prisoner in Filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court at ECF pp. 2-3 (Apr. 8, 2011).

[2] Memorandum of Law in Support of Petitioner Andrew Dwayne Sanders' Habeas 2241 Petition for Writ of Habeas Corpus, Attachment at ECF pp. 3, 10 (Apr. 8, 2011) ("Petitioner's Brief in Support").

- was "arbitrary, capricious, irrational and . . . unreasonable" in its calculation, and
- committed racial discrimination.[3]

The Second Chance Act of 2007

Prior to 2008, an inmate's eligibility for transfer to a RCC had been limited to the final six months or ten percent of the sentence.[4] The Second Chance Act of 2007 amended the law to allow placement in a RCC in the final twelve months of the sentence[5] and required individualized determination of eligibility to maximize the "likelihood of successful reintegration into the community."[6] The statute provided five factors for consideration of eligibility:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence–

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

---

3 Petitioner's Brief in Support at ECF pp. 2, 5-7.

4 *See Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010) (citing 18 U.S.C. § 3624(c) (2000)).

5 *See Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010).

6 18 U.S.C. § 3624(c)(6)(B)-(C) (2006).

> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.[7]

Alleged Violation of the Statutory Guidelines

In part, Mr. Sanders argues that the Bureau of Prisons failed to provide an individualized assessment by "categorically apply[ing] time frame limitations . . which [were] struck down . . . and should no longer be followed."[8] This argument is incompatible with the attachments to the habeas petition.

In June 2010, Mr. Sanders inquired about early release under the "Second Chance Act."[9] Authorities answered that he would be placed in a RCC 90-120 days before the end of his term and that this period was based on the shortness of the sentence, his refusal to participate in the 500 hour RDAP, and the existence of substantial family support.[10] Mr. Sanders appealed, and the Bureau explained that a unit team had considered:

- his "need for re-entry services,"
- "the resources and ability of the [RCC] to meet [his] needs,"
- "the nature and circumstances of [the] offense,"

---

7 18 U.S.C. § 3621(b) (2006); *Garza v. Davis*, 596 F.3d 1198, 1201-1202 (10th Cir. 2010).

8 Petitioner's Brief in Support at ECF pp. 6-7.

9 Petitioner's Brief in Support, Attachment at ECF p. 2.

10 Petitioner's Brief in Support, Attachment at ECF p. 3.

- his "history,"
- "any statement by the sentencing court regarding a period of community confinement,"
- "any potential risks to public safety," and
- "the need for the [Bureau of Prisons] to manage the inmate population in a responsible manner."[11]

After consideration of "all relevant factors," the team decided that "no extraordinary or compelling re-entry need exist[ed] in [Mr. Sanders'] case that would require re-entry services beyond six months."[12]

These attachments conclusively demonstrate individualized consideration of Mr. Sanders' eligibility for placement in a RCC.[13]

---

[11] Petitioner's Brief in Support, Attachment at ECF pp. 4-5.

[12] Petitioner's Brief in Support, Attachment at ECF p. 5; *see also* Response to Petition, Attachment at ECF p. 6 (June 7, 2011) ("Response").

[13] *See Gese v. Young*, 2011 WL 2975407, Westlaw op. at 1 (W.D. La. June 17, 2011) (unpublished report and recommendation by magistrate judge to reject a similar habeas claim because the documentary evidence had shown consideration of the statutory factors regarding RCC placement), *adopted*, 2011 WL 2941569 (W.D. La. July 20, 2011) (unpublished order by district judge); *see also Hickman v. Warden*, 2011 WL 2532849, Westlaw op. at 6-8 (D. N.J. June 24, 2011) (unpublished op.) (when the Bureau conducted an individualized assessment under the Second Chance Act of 2007, the petitioner could not demonstrate that he was in custody in violation of the federal constitution or federal law); *Saenz v. Garcia*, 2011 WL 1706806, Westlaw op. at 1-2 (D. Colo. Feb. 23, 2011) (unpublished report and recommendation by magistrate judge to reject a federal inmate's request for habeas relief because the evidence established no violation of "statutory rights" for an individualized assessment for a RCC under the Second Chance Act), *adopted*, 2011 WL 1674888 (D. Colo. May 4, 2011) (unpublished order by district judge); *Wires v. Bledsoe*, 2010 WL 427769, Westlaw op. at 6, 12 (M.D. Pa. Feb. 3, 2010) (unpublished op.) (concluding that when the petitioner had obtained individualized consideration under the Second Chance Act, the fact that he "disagree[d] with the recommendation . . . [was] not a basis to issue a writ of habeas corpus"); *Herdean v. Grayer*, 2010 WL 3619529, Westlaw op. at 3 (N.D. Ga. Aug. 12, 2010) (unpublished report and recommendation by magistrate judge to deny habeas relief because the petitioner had not

Alleged Deprivation of Due Process

Mr. Sanders also argues that Mr. Ledezma's calculation was "arbitrary, capricious,[14] irrational and . . . unreasonable" and violated his "substantive due process" rights under the "Fifth (5) Amendment."[15] These allegations appear to involve only a single theory, as the reference to arbitrary and capricious governmental action would suggest that it is part of the claim involving denial of substantive due process.[16] This claim would require the presence

shown a failure to consider the factors under the Second Chance Act of 2007), *adopted*, 2010 WL 3619524 (N.D. Ga. Sept. 8, 2010) (unpublished order by district judge).

[14] In 5 U.S.C. § 706(2)(A), the Administrative Procedure Act prohibits administrative action that is considered "arbitrary" or "capricious." Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (2006). But this provision does not apply to Bureau determinations of RCC placement under the Second Chance Act. *See* 18 U.S.C. § 3625 (2006) (stating that certain provisions, including 5 U.S.C. § 706, "do not apply to the making of any determination, decision, or order under this subchapter").

[15] Petitioner's Brief in Support at ECF pp. 2, 4; *see id.* at ECF p. 7 (complaining that the Bureau relies on provisions that are "arbitrary" and "capricious").

[16] *See Harris v. Wichita*, 74 F.3d 1249, 1996 WL 7963, Westlaw op. at 3 n.3 (10th Cir. Jan. 3, 1996) (unpublished op.) ("The 'arbitrary and capricious' standard is the standard for a substantive due process challenge." (citations omitted)).

of a protected liberty interest,[17] and none would be implicated by the Bureau's determination of when to move Mr. Sanders to a RCC.[18] This omission is fatal to the due process claim.[19]

Alleged Denial of Equal Protection

Mr. Sanders argues that the Bureau of Prisons had engaged in racial discrimination. This claim is lacking in any specific factual allegations. Without them, the claim is conclusory and insufficient as a matter of law.[20]

---

17 *See Brenna v. Southern Colorado State College*, 589 F.2d 475, 476 (10th Cir. 1978) (stating that for a claim involving denial of substantive due process for an arbitrary or capricious discharge, "a liberty or property interest must be present to which the protection of due process can attach" (citations omitted)).

18 *See Aldaco v. Holder*, 2011 WL 825624, Westlaw op. at 7 & n.3 (D. Minn. Jan. 7, 2011) (unpublished report and recommendation by magistrate judge, holding that "there [was] 'no legitimate statutory or constitutional entitlement sufficient to invoke due process' on the basis of the Second Chance Act" (citation omitted)), *adopted*, 2011 WL 839388 (D. Minn. Mar. 7, 2011) (unpublished order by district judge); *see also infra* note 19 (citing cases).

19 *Henderson v. Warden, Edgefield Satellite Prison Camp*, 2009 WL 3317149, Westlaw op. at 1, 4 (D. S.C. Oct. 14, 2009) (unpublished op.) (rejecting a due process claim arising under the Second Chance Act of 2007 because "the petitioner simply has no due process right, protected by the Fifth Amendment, to be placed in a [RCC] earlier than the date on which the [Bureau of Prisons] assigns him"); *Davis v. Shartle*, 2011 WL 1496672, Westlaw op. at 4 (N.D. Ohio Apr. 19, 2011) (unpublished op.) ("Petitioner has no due process right, protected by the Fifth Amendment, to be placed in a [RCC] earlier than the date on which the [Bureau of Prisons] assigns him-as long it has considered the factors set forth in § 3621(b) as required by the Second Chance Act of 2007"); *Harris v. Hickey*, 2010 WL 1959379, Westlaw op. at 4 (E.D. Ky. May 17, 2010) (unpublished op.) ("Petitioner has no due process right, protected by the Fifth Amendment, to be placed in an [RCC] earlier than the date on which the [Bureau of Prisons] assigns him-as long as the [Bureau of Prisons] has considered the factors set forth in § 3621(b) as required by the Second Chance Act." (citation omitted)).

20 *See Straley v. Utah Board of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (rejecting a claim for habeas relief based on "racial disparities" in parole board determinations because "bare equal protection claims are simply too conclusory to permit a proper legal analysis" (citation omitted)), *cert. denied*, __ U.S. __, 130 S. Ct. 1737 (2010).

Request for an Evidentiary Hearing

The Petitioner requests an evidentiary hearing "so that the truth [may] be ascertained and this proceeding justly determined."[21] The Court should deny the request for an evidentiary hearing.

For an evidentiary hearing, the petitioner must make "specific and particularized" allegations that, if proven, would justify habeas relief.[22]

Mr. Sanders requests an evidentiary hearing to ascertain "the truth."[23] However, he does not identify the additional evidence he would present or the facts that he would hope to prove. The conclusory request for an evidentiary hearing to ascertain "the truth" is insufficient.[24] Accordingly, the Court should deny the request for an evidentiary hearing.

Motion for Summary Judgment

The Petitioner also seeks summary judgment on his claims.[25] The motion should be denied.

The motion is based solely on Mr. Sanders' belief that the Respondent had failed to timely file a response.[26] The Petitioner's argument is incorrect, as the Respondent filed a

---

21 Petitioner's Brief in Support at ECF p. 7.

22 *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995) (citation omitted).

23 Petitioner's Brief in Support at ECF p. 7.

24 *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010) (citation omitted).

25 Motion for Summary Judgment Rule 56 (June 14, 2011) ("Petitioner's Motion for Summary Judgment").

26 *See* Petitioner's Motion for Summary Judgment at ECF p. 1.

response on the same day it was due.[27] Thus, the Court should deny Mr. Sanders' motion for summary judgment.

Notice of the Right to Object

Mr. Sanders may file a written objection to this report and recommendation.[28] Any such objection must be filed with the Clerk of the United States District Court, Western District of Oklahoma. The deadline for objections is September 26, 2011.[29] A failure to timely object would result in waiver of the right to appeal the suggested rulings.[30]

Status of the Referral

The referral is discharged.

Entered this 7th day of September, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[27] *Compare* Order (June 2, 2011) (granting Mr. Ledezma until June 7, 2011, in which to file a response), *with* Response (reflecting the filing of the response on June 7, 2011).

[28] *See* 28 U.S.C. § 636(b)(1) (2009 supp.).

[29] 28 U.S.C. § 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[30] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).